UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ] | |
| --- | --- | --- |
| | ] | |
| v. | ] | Cr. No. 21-cr-00033-PB |
| | ] | |
| JOHN RUPERT | ] | |

**DEFENDANT'S MOTION FOR VARIANCE AND SENTENCING MEMORANDUM**

  The Defendant, John Rupert through counsel, Eric Wolpin, Assistant Federal Public Defender, files this memorandum respectfully requesting that the Court impose twelve months of probation consistent with the joint recommendation set forth in the Rule 11(c)(1)(C) plea agreement. This proposed sentence is "sufficient, but not greater than necessary" to give effect to the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

### Introduction

  John Rupert is a full-time college student several credits shy of a bachelor's degree. He is in his late twenties and has no criminal conviction history. In 2020, John suffered an injury that spun him into an obsessive and irrational effort to address this harm. In that mindset, John made the criminal calls that will forever mark him as a felon. Before he was charged, John wrote a letter to the United States Attorney's Office acknowledging his guilt, making "no excuse for my conduct," and offering his "cooperation in [the] investigation and prosecution." In recognition of his

1

history and characteristics, his lack of criminal history, and his prompt acceptance of responsibility, the parties jointly recommend a probationary sentence as it meets the sentencing purposes set forth by statute.

### 18 U.S.C. § 3553(a)(1): History and Characteristics of the Defendant

John grew up outside of Portland, Maine in an upper middle class household. He spent significant time abroad as his maternal family lives outside the United States. John spent his early twenties living in Israel and participated in the national service requirements that serve as an alternative to mandatory military service. Since returning to the United States, John has been attending college in Maine. He worked his way through his local community college into a four-year degree program at a public university. He has made the Dean's List in two consecutive semesters and has kept a consistently high grade point average. While attending school, John has been working a driver for numerous gig-companies. This work, although not lucrative, provides flexibility and income while John primarily focuses on his schooling.

When John was eleven years old, he visited family in Jerusalem, Israel. While on the street with his uncle, he heard a loud, startling noise. His uncle ran toward the husk of a bus that had been blown up in a terrorist attack. John still recalls the smells and sounds of this event that resulted in twenty deaths. For the last fifteen years, John has suppressed the feelings and responses that flowed from this trauma. As noted in the PSR, his family suspects that this event was a source of depression

and other struggles John had as a teenager. John has been reticent to speak of the event with friends or family. Earlier this Spring, The Court released John with conditions, including a requirement that he participate in mental health counseling. Since his release, John has been meeting with a counselor. After several sessions, John has begun to address this trauma and related feelings for the first time. Counseling, along with medication, has facilitated John's reckoning with the root causes of his depression. He intends to continue with his mental health programming while on probation.

### 18 U.S.C. § 3553(a)(1): Facts and Circumstances of the Offense

2020 was a particularly difficult year. John injured his back and suffered from chronic pain. He struggled to gain some relief. Over time, John became fixated on the spa where he suffered his injuries. As the pain lingered, he took increasingly antagonistic steps. He later explained to law enforcement that the physical pain made him feel "aggressive and impaired [his] judgment." Under those circumstances, John made the calls to the Somersworth town hall that form the basis of the indictment. It was a foolish, irrational, and potentially dangerous action. Although the investigating officer's "initial suspicion of the call was that it was a hoax," rather than a threat of actual harm, the call risked placing people in fear for their safety and diverted local law enforcement resources. In his letter to the government, John took responsibility for his actions, describing them as a "grave mistake" for which "there is no excuse." He apologized to law enforcement for his behavior and expressed a "wish to atone" for

his poor decisions. His acceptance of responsibility in this plea is a further step in his effort at atonement. His payment of restitution, his future commitment to abide by conditions of probation, and his efforts to finish school and be a healthy, productive member of society, further that end.

## The Guidelines

The Guidelines provide a sentencing range based upon the severity of the criminal offense and the defendant's criminal history. Although the sentencing process must commence with a guideline calculation, the United States Sentencing Guidelines are merely advisory, and courts are required to consider all factors listed in 18 U.S.C. § 3553(a) in imposing sentence. *Gall v. United States,* 552 U.S. 38 (2007); *United States v. Booker*, 543 U.S. 220, 262 (2005). The paramount directive in 18 U.S.C. §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes underlying the sentencing statute. 18 U.S.C. § 3553(a).

John has no prior criminal convictions and thus falls in CHC I. PSR ¶ ¶ 38-39. He has a base offense level of twelve under U.S.S.G. § 2A6.1. *Id.* at ¶ 25. Upon a 2-point reduction for acceptance of responsibility, his total offense level is ten. *Id.* at ¶ 33. An offense level of ten and a CHC I provide for a sentencing range of 6-12 months in Zone B of the Guidelines. The parties are jointly recommending a probationary sentence of 12 months. Zone B allows for probation, but only with certain community confinement conditions. Accordingly, as the proposed sentence includes probation

without such conditions, it requires a small variance from the Guideline recommendation.

### 18 U.S.C. § 3553(a)(2): The Purposes of Sentencing

The Court must balance several sentencing purposes, including punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). In this case, the goals of sentencing can be met with a felony conviction and community supervision. The parties agree that a felony conviction requiring a period of supervision satisfies the goals of sentencing considering the nature and circumstances of the offense and the history and characteristics of the defendant.

John is nearing his final year of college. He is continuing his studies over the summer and has achieved honors while working in his spare time as a ride-share driver. John made a terrible mistake and will be branded as a felon for the duration of his life. Prior to even obtaining counsel, John made a full admission to this offense in a letter he wrote to the United States Attorney's Office accepting responsibility for his actions, acknowledging the wrongfulness of behavior, and expressing an interest in making amends for his actions. While on pretrial supervision, John has made progress in processing the events of his past and moving beyond the frustrations and mindset that brought about his actions in this case. Both the felony conviction, including the many potential collateral consequences that will flow from it, and the substantial restrictions of liberty that accompany supervision serve as punishment and deterrence in this case. *See e.g. Gall v. United States*, 522 U.S. 38, 48 (2007)

(describing the numerous limitations on a probationer's personal freedom). The probationary period further provides for rehabilitation and community safety. In the present case, a carceral sentence would be greater than necessary to meet the goals of sentencing.

WHEREFORE, John Rupert respectfully moves the Court to impose a sentence of 12 months of probation consistent with the joint recommendation in the submitted plea agreement.

                Respectfully submitted,

                */s/ Eric Wolpin*
                Eric Wolpin
                N.H. Bar #18372
                Assistant Federal Public Defender
                Eric_Wolpin @fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon AUSA C. Rombeau by ECF/CM filing system on July 9, 2021.

                */s/ Eric Wolpin*
                Eric Wolpin